### JOHN STORER *versus* WILLIAM D. LITTLE.

Where a party claims title to real estate by statute provisions, he must show, in order to succeed, a strict compliance with such provisions.

The right of redemption of property mortgaged cannot be foreclosed, under the second mode provided in the statute of 1821, c. 39, without an *actual* entry by the mortgagee.

The Act of 1839, c. 372, additional, makes provision only as to the manner of authenticating notice of such entry and its registry.

ON EXCEPTIONS from *Nisi Prius,* DAVIS, J., presiding.
WRIT OF ENTRY.

The facts sufficiently appear in the opinion of the Court.

*C. C. Wells & Gerry,* in support of the exceptions, contended:—

1. That it appeared by defendant's evidence and other testimony in the case, that the mortgage had not been foreclosed.

2. That the plaintiff, although he received the consent of the mortgager to enter, yet never took actual, personal possession, which being continued three years following, would operate to foreclose the mortgage. To this point were cited, *Thayer* v. *Smith*, 17 Mass. 429; *Dunning* v. *Comings*, 11 N. H. 472.

*Fessenden & Butler*, for plaintiff, insisted: —

1. That the transaction of the 12th June, 1841, amounted to a legal entry for the purpose of foreclosure.

2. That, if the mortgager still continued to occupy the premises, he did so under the plaintiff, and as his tenant at will, and his possession was the possession of the mortgagee. Whether rent was paid or not, is immaterial. *Swift* v. *Mandel*, 8 Cush. 357.

3. If actual possession was necessary, the defendant, by his writing on the back of the mortgage, is estopped to deny the mortgagee's possession. *Lawrence* v. *Fletcher*, 10 Met. 344.

4. The law of 1821, c. 39, where the expression "actual possession" occurs, has been altered by the law of 1839, c. 372.

5. If *actual* possession is requisite to foreclosure, how, when a first mortgagee has actual possession, can a second mortgagee foreclose in the second and third mode provided by the statute? That a second mortgagee can so foreclose, has been decided in *Palmer* v. *Fowby*, Law Reporter, May No., p. 46.

CUTTING, J. — The plaintiff, having introduced the mortgage deed from the defendant and shown himself to be the assignee thereof, together with one of the notes secured thereby, is entitled, under the general verdict, either to a conditional or unconditional judgment.

The plaintiff claims the latter, and contends, that on June 12, 1841, he made a legal entry for the purpose of foreclosure; and to show that fact, introduces the defendant's indorsement

on the mortgage of that date, duly recorded, which is in these words —

"I hereby give to John Storer, assignee of the within mortgage, peaceable and open possession of the within described premises for breach of the conditions of the within mortgage, and for the purposes of foreclosing the same."

This transaction was a short time prior to the operation of R. S. of 1841, and must be controlled by the statute of 1821, c. 39, and the additional Act of 1839, c. 372, then in force.

Section 1, of the former statute, provides, that when any mortgagee has lawfully entered and obtained the actual possession of mortgaged lands for condition broken, the mortgager shall have the right to redeem the same within three years, and not afterwards, "*provided,* that the entry above described, shall be, by process of law, or by the consent in writing of the mortgager, or those claiming under him, or by the mortgagee's taking peaceable and open possession of the premises mortgaged, in the presence of two witnesses."

The Act of 1839, additional, makes provision only as to the manner of authenticating notice of such entry, and its registry.

The statute of 1821, required an actual possession to be taken for the purposes of foreclosure, and pointed out specifically the three modes, by which such possession could be taken : —

*First.* It "shall be by process of law," which could be accomplished only by an officer, under a writ of possession, who shall go upon the land, and, if necessary, expel the mortgager, and deliver actual possession to the mortgagee; and such officer's return would be conclusive as to the fact of such entry and possession, and bind the parties and their privies in estate.

*Secondly.* "Or by the consent in writing of the mortgager." This consent in writing was manifestly intended as a substitute for the writ of possession, and the action of the parties for that of the officer.

*Thirdly.* "Or by the mortgagee's taking peaceable and

open possession in the presence of two witnesses," which mode was only a substitute for the two former, and could be perfected only in cases where no opposition to an entry was manifested; but neither dispenses with the necessity of taking actual possession. We have said, that the consent in writing is only a substitute for the writ of possession, and since the writ, without possession taken under it, constitutes no part of a foreclosure, so neither would the consent without an actual entry.

This brings us to the consideration of the legal effect to be given to the writing upon the back of the mortgage. Does it imply any thing more than a consent for the plaintiff to enter according to the second mode named in the statute? If not, then clearly, as we have seen, it is not sufficient without actual possession taken under it.

But this is not *res non adjudicata* in this State. In *Pease* v. *Benson,* 28 Maine, 336, this Court had occasion to consider the force and effect of a writing very similar to the one now under consideration, in which they remark, " In this case no such actual entry has been proved; on the contrary, it appears that none was made. The words contained in the paper signed by the mortgager, " I hereby give possession," do not prove the fact, that an actual entry was made and possession obtained. If, as contended in argument, it was the intention of the parties to admit that an actual possession had been taken, they could not cause a foreclosure in a manner not authorized by statute; could not substitute a fiction for the actual entry into possession required by the statute and make it as effectual as the act required."

Again, in *Chamberlain* v. *Gardiner,* 38 Maine, 548, it was held, that a consent of the mortgager, that the mortgagee might enter for the purposes of foreclosure, and that *possession* was thereby given, did not dispense with proof of an actual entry.

The R. S., c. 125, § 5, which was a reënactment of the Act of 1838, c. 333, § § 1, 2, provides for a foreclosure by publication, or by a copy of a notice duly served, when " the

mortgagee, or any person claiming under him, is not desirous of taking and holding possession of the premises;" thus clearly indicating that the other modes of foreclosure were only by taking and holding possession. This Court have repeatedly held, and by a series of decisions running through all the reports, that where a party claims title to real estate by statute provisions, he must show, in order to succeed, a strict compliance with such provisions; and a doctrine, which has proved to be so salutary in its effects, we are not now disposed to overrule or disturb.

But it is contended by the plaintiff's counsel, that if an actual entry be necessary, the certificate on the back of the deed is conclusive evidence of that fact, and, in the language of the Court in *Oakham* v. *Rutland*, 4 Cush. 172, " it is not competent for the defendant to avoid the effect of it, by proof, that he did not actually go upon the land." In that case, the mortgager had certified on the mortgage, among other things, that he was then "owning and living on the within-named premises," and the certificate being then and there indorsed, when the parties were upon the premises, perhaps it would not be unreasonable to infer that an actual entry was made, and more especially since it appears that the mortgagee immediately leased the premises to a third person, who did *enter upon and occupy* the same. If no actual entry was made by virtue of the indorsement, and at the time it bears date, still, as we have held, such a writing would amount to a licence to enter, and the occupancy under the lease shows an actual possession taken. Consequently, we concur in the result to which the Court, in that case, arrived, but not in the reason by them assigned for their conclusion.

In the case at bar, there are no such words as " owning and living on the within named premises," and no proof that at that time the parties were on or within sight of the premises, or that any possession was subsequently obtained by the mortgagee, but, if admissible, the evidence is, that the fact is otherwise. From such an instrument, we apprehend, no inference is to be drawn, that the plaintiff went upon

the land, but rather the inference is that he did not. The expression "I *hereby* give," indicates the mode and manner by which possession was attempted to be obtained by a legal fiction. I, hereby, that is, *by placing my signature to this certificate,* give possession. Such language implies the exclusion of any other act. It can as well be done at a distance from, as upon, the premises. The burden of proof is upon the plaintiff to show that he foreclosed the mortgage by an actual entry; his certificate is not sufficient for that purpose, and in our opinion there was no foreclosure.

> *The exceptions are sustained, and*
> *the conditional judgment awarded.*

TENNEY, C. J., and HATHAWAY, RICE, and GOODENOW, J. J., concurred.